No. 381

CSERNAK v. RAE, et al

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5401. Decided Jan. 12, 1925.

1027. RES ADJUDICATA—Decision not appealed from or error prosecuted, dismissing petition to quiet title, held res adjudicata notwithstanding wife di dnot join as a party therein.

VICKERY, P. J.

This cause was brought up on appeal from the Cuyahoga common pleas. Margaret Csernak brought an action in that court to quiet title on a strip of land between her home and that of Robert Rae. The fee of the strip was owned by Csernak and next to it, Rae owned a strip 20 feet wide which entire width was occupied by the house and porch, so there was no means of ingress or egress to the back part of his lot except through the house.

It appears that Gustav Barta, the predecessor, in title to Csernak had brought a similar suit and the court in that case had dismissed Barta's petition to quiet title. Rae in the instant case plead res adjudicata and the lower court upon this plea found in favor of Rae, that is did not quiet title as requested by Csernak.

On appeal, Csernak maintained that the plea of resajudicata should have been refused because in the Barta case, his wife had not been a party to the suit and she was a joint owner. The court of appeals held:

Even though the wife was not a party to the suit in the Barta case, the husband introduced the same defense that she might have introduced had she been a party to the record, which shows that she was represented in court and had a full knowledge of the case that was going on, and that the husband was defending in his name for her as well as for himself.

The judgment in the Barta case was not appealed from or error prosecuted and it became the law of that strip of land and the res adjudicata doctrine does apply to this case.

Csernak is not entitled to relief sought and petition will be dismissed and a decree for Rae upon his cross petition will be entered.

Attorneys—Acker & Wald for Csernak; Tolles, Hogsett, Ginn & Morley for Rae; all of Cleveland.

No. 382

DAVIS v. DAVIS, et

Ohio Appeals, 7th Dist., Mahoning Co.

No. Decided Oct. 29, 1924.

419. DOWER—Suit for partition cannot destroy a dower interest or right.

889. PARTITION—Partition and not foreclosure being prayed for, order for foreclosure held improper.

1018. REMAINDERS—Remainderman has no right to ask for partition.

POLLOCK, J.

Stella Davis brought an action in partition alleging that she was the owner of one-tenth interest in two tracts or parcels of land and that Harry Davis is the owner of nine-tenths of these tracts and that Gertrude Davis is the wife of Harry, and that she was called upon to set up her interest in the same or be forever barred. Gertrude Davis filed an answer in which she denied the right of plaintiff to have partition and also alleged that prior to 1923 her husband was the sole owner of the premises in question and that in June of that year he conveyed to plaintiff one-tenth interest in the premises described and that said conveyance was made for the purpose of cheating and defrauding defendant. The trial court refused partition and found that the conveyance was a mortgage, ordered foreclosure, and a sale of the one-tenth interest. An appeal was taken. In granting partition of the first tract, the Appeals held:

1. Neither contract nor conveyance of Harry Davis to Stella Davis could destroy the wife's right to dower in the property nor could the court in granting partition of any part of this property destroy that right.

2. As no foreclosure was asked for, the court had no right to order a foreclosuure of the premises.

3. Where there is an outstanding estate for life vested in a third person in the whole of the premises of which partition is sought, remaindermen cannot have partition. Therefore, the second tract of land could not be partitioned.

Attorneys—W. R. Stewart, for Stella; Wilson, Hahn, Henderson & Wilson, for Harry, et al; all of Youngstown.